UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA, MOORISH LAW SERVICES, GRAND SHEIK LOVE EL, SIS. HOWELL EL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, YOLO COUNTY, EDMUND G. BROWN, PATRICK BLACKLOCK,<br><br>Defendants. | No.  2:18-cv-2093-JAM-EFB PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiffs seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  Their declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiffs may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiffs' complaint must be dismissed for failure to state a claim.

---

[1]  This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1      Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3  fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5  (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7  a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8  relief above the speculative level on the assumption that all of the complaint's allegations are
9  true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12     Under this standard, the court must accept as true the allegations of the complaint in
13 question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16 requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a
17 complaint to include a short and plain statement of the claim showing that the pleader is entitled
18 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19 which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v.*
20 *Gibson*, 355 U.S. 41 (1957)).

21     Plaintiffs Howell EL and Love EL, who claim to be "Moorish Americans," bring this
22 action to challenge the imposition of a fine against Howell EL for a traffic infraction. ECF No. 1.
23 The gist of their claims is that state courts lack jurisdiction to impose traffic fines on Howell EL.
24 The complaint alleges that in April 2018, Howell EL was pulled over, issued a traffic citation, and
25 directed to appear for a hearing before the Yolo County Superior Court. ECF No. 1 at 1-2, 23.
26 Plaintiffs contend that the traffic stop constituted "an unconstitutional work stoppage." *Id*. at 2.
27 They further allege that Howell EL, with the assistance of Love EL, filed in state court an
28 "Affidavit of Truth," which argued that the state court lacked jurisdiction over Howell EL

2

because she is a member of the Moorish Science Temple of America. *Id*. at 2, 7. The argument was apparently rejected, and Howell EL was ordered to pay a fine in the amount of $2,303.00. *Id*. at 2.

As a threshold matter, these allegations fail to demonstrate that plaintiff Love EL has standing to assert claims against defendants. Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing three elements must be satisfied:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal citations and quotation marks omitted).

The complaint is devoid of any allegations reflecting that Love EL suffered an injury. Instead, it only claims that he provided plaintiff Howell EL assistance in preparing a document she filed in traffic court.

Apart from that deficiency, it appears that the complaint's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to obtain relief for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" reversed, expunged by, or invalidated. *Id*. at 486-87; *see also Middleton v. Santa Barbara Police Dept.*, 2016 WL 6902092, at *5-6 (C.D. Cal. July 11, 2016) (finding claims predicated on an alleged unlawful traffic stop and lack of traffic court jurisdiction barred by *Heck* because plaintiff traffic infraction had not been invalidated); *Meiring v. City of Reno*, 2016 WL 1643818, at *1 (D. Nev. Apr. 26, 2016) (claim that state court lacked jurisdiction over plaintiff barred by *Heck*).

/////

But more significantly, plaintiffs' claims challenging Howell EL's traffic stop and subsequent infraction as unconstitutional—claims that are predicated on her purported membership with the Moorish Science Temple of America—are plainly frivolous. *See, e.g., Bey v. Municipal Court*, 2012 WL 714575 (D.N.J. Mar. 5, 2012) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."); *Bey v. White*, 2017 WL 934728, at *3 (D.S.C. Feb. 14, 2017) ("If Plaintiff is attempting to assert that he is not subject to law or is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation, such claims fail to state a plausible claim for relief, and in fact, are patently frivolous.").

Accordingly, plaintiffs' complaint must be dismissed for failure to state a claim. Given the patent frivolity of plaintiffs' claims, it is recommended that the dismissal be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiffs' request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiffs' complaint be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE